UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **EDNA PURVEY**<br>2820 Winchester Street<br>Baltimore, Maryland 21216<br><br>     *Plaintiff*,<br>v.<br><br>**ARLINGTON WEST CARE CENTER OPCO, LLC**<br>945 Broadway<br>Woodmere, New York 11598<br><br>     **SERVE ON:**<br>     Cogency Global, Inc., Resident Agent<br>     1519 York Road<br>     Lutherville, Maryland 21093<br><br>     *Defendant.* | Civil Action No. _____ |

## COMPLAINT AND JURY DEMAND

Plaintiff Edna Purvey ("Plaintiff" or "Ms. Purvey"), by and through her undersigned counsel, James M Ray, II and Ray Legal Group, LLC, hereby files suit against Arlington West Care Center Opco, LLC and states as follows:

### THE NATURE OF THE ACTION

1.  This is Plaintiff's civil action seeking damages and/or other legal relief against Arlington West Care Center Opco, LLC (hereinafter, "Defendant" or "Employer"), including for the Defendant's violation of the Plaintiff's rights under the federal Family and Medical Leave Act ("FMLA"), codified at 29 U.S.C. § 2601, *et seq.*

### THE PARTIES

2.  Plaintiff Edna Purvey is a Maryland citizen and a resident of Baltimore City,

Maryland.

3. The Defendant is a Delaware corporation with its principal office located New York. The Defendant owns and/or operates a nursing home and rehabilitation facility in Baltimore City, Maryland located at 3939 Penhurst Avenue, Baltimore, Maryland 21215 (the "Facility").

4. The Defendant, at all times, was acting through its employees, servants, agents, or other affiliates as to the matters alleged herein.

## JURISDICTION & VENUE

5. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331.

6. The Plaintiff's FMLA cause of action is authorized by 29 U.S.C. § 2617(a)(2). The Plaintiff has a right to jury trial under the FMLA.

7. Venue is proper in this District under 28 U.S.C. § 1391, where a substantial part of the events giving rise to Plaintiff's claims occurred.

8. The Plaintiff has complied with all conditions precedent, administrative requirements, and/or legal preconditions to properly file and pursue this civil action and has exhausted any and all required administrative remedies. This civil action is lawfully filed in this Court. All conditions precedent have occurred or been performed.

## FACTS COMMON TO ALL COUNTS

9. Ms. Purvey began her employment with the Defendant on August 6, 2003. At the time of the events described herein, Ms. Purvey worked for the Defendant in the laundry and housekeeping departments.

10. Ms. Purvey suffers from lupus, chronic neuropathic pain, cervical disc disease and osteoarthritis.

11. On or about March 9, 2020, Ms. Purvey provided the Defendant with an FMLA

Certification from her primary care doctor, Bisola Egbe, M.D., University of Maryland Family & Community Medicine, 29 South Paca Street, Baltimore, Maryland 21201.  Dr. Egbe certified that Ms. Purvey's conditions would cause episodic flare-ups that would make her unable to use her hands and/or ambulate; the flare-ups would prevent Ms. Purvey from performing her job functions and would require her to be absent from work 1 or 2 times per month.

12. Ms. Purvey's medical conditions constitute a "serious health condition" under the FMLA.

13. On Thursday, March 19, 2020, Ms. Purvey felt sick at work and was experiencing flu-like symptoms, with a concern that she may have contracted the COVID-19 virus.  Ms. Purvey was transported by ambulance to Lifebridge Health Grace Medical Center ("Grace Medical Center") in Baltimore (previously known as Bon Secours Hospital) where she was examined and a COVID-19 test was administered.  Ms. Purvey was provided a note from Dr. Salemo Alexis that she could return to work after her COVID-19 results were obtained; that note was forwarded to the Defendant.  Ms. Purvey was instructed by the health care providers to go home and self-quarantine pending the results of the COVID-19 test taken at Grace Medical Center.

14. The Defendant was aware that Ms. Purvey became sick at work and had been transported by ambulance to the hospital.

15. On Monday, March 23, 2020, Ms. Purvey talked with her supervisor, Ella Scott, and provided Ms. Scott with an update concerning Ms. Purvey's medical condition.  Ms. Scott told Ms. Purvey that Ms. Purvey needed to provide a "return to work slip" by March 27, 2020 or Ms. Purvey would be fired.

16. On Wednesday, March 25, 2020, Ms. Purvey called Dot O'Neil ("Ms. O'Neil"), the Defendant's Human Resource Director at the Facility.  Ms. Purvey told Ms. O'Neil that she

was still waiting on the COVID-19 test results.  Ms. O'Neil reminded Ms. Purvey that she needed a "return to work slip" before she could come to back work.

17.	On Friday, March 27, 2020, Ms. Purvey again called Ms. O'Neil.  Ms. Purvey told Ms. O'Neil that she was still waiting on the COVID-19 test results.  Ms. O'Neil told Ms. Purvey that because Ms. Purvey had not yet provided a "return to work slip" by March 27, 2020, the unilateral deadline set by the Defendant, the Defendant was terminating Ms. Purvey's employment.  When Ms. Purvey mentioned her FMLA application, Ms. O'Neil responded that the Defendant was "not accepting" any FMLA applications.  The Defendant did not provide Ms. Purvey with any notice of rights under the FMLA relating to the incident that began on March 19, 2020 when Ms. Purvey first began experiencing flu-like and possible COVID-19 symptoms.

18.	Ms. Purvey could not provide the documentation requested by the Defendant by March 27, 2020 because she, at that time, still had not received the results of her COVID-19 test from Grace Medical Center.  Furthermore, Ms. Purvey could not obtain any "return to work slip" or any documentation concerning her absence from work from her primary doctor until she received her COVID-19 test results and could forward those results to her primary care doctor.

19.	Later on Friday, March 27, 2020, after she had been fired by the Defendant, Ms. Purvey was told over the phone by Grace Medical Center that she had tested negative for COVID-19.  Grace Medical Center mailed her written COVID-19 test results to Ms. Purvey on March 30, 2020.  Upon her receipt of the written test results, Ms. Purvey faxed those results to Dr. Egbe.  On April 8, 2020 Dr. Egbe issued a letter stating that "Edna Purvey is cleared to return to work with negative COVID-19 test from 3/19/2020 from Grace Medical Center."

20.	After Ms. Purvey received the letter from Dr. Egbe, she faxed Dr. Egbe's "return to work slip" and her written COVID-19 test results to the Defendant.  Ms. Purvey never received

4

any response from the Defendant after this information was provided.

21. The Defendant unsuccessfully opposed Ms. Purvey's application for unemployment benefits.

22. Under the FMLA regulations issued by the U.S. Department of Labor:

> b) Timing. In most cases, the employer should request that an employee furnish certification at the time the employee gives notice of the need for leave or within five business days thereafter, or, in the case of unforeseen leave, within five business days after the leave commences. The employer may request certification at some later date if the employer later has reason to question the appropriateness of the leave or its duration. The employee must provide the requested certification to the employer within 15 calendar days after the employer's request, unless it is not practicable under the particular circumstances to do so despite the employee's diligent, good faith efforts or the employer provides more than 15 calendar days to return the requested certification.

29 C.F.R. § 825.305(b). The Defendant did not allow Ms. Purvey at least 15 calendar days to provide the documentation requested by the Defendant. Moreover, to the extent that Ms. Purvey required more than 15 days to provide the documentation requested by the Defendant, Ms. Purvey at all times acted diligently and in good faith and any delay was entirely due to the time that it took for Ms. Purvey to obtain the written results of her COVID-19 test from Grace Medical Center.

23. Any non-discriminatory justification for Ms. Purvey's termination was a pretext.

## COUNT I
## FMLA Interference -- 29 U.S.C. § 2615(A)(2)

24. The Plaintiff incorporates the preceding paragraphs as if set fully herein.

25. The Defendant is an "employer" covered by the FMLA, as it employs fifty (50) or more employees for each work day during each of twenty (20) or more calendar workweeks. *See* 29 U.S.C. § 2611(4)(A)(i).

26. Plaintiff is an "eligible employee" under the FMLA as she had been employed by

Defendant, and had been working under the supervision and control of Defendant for more than twelve (12) consecutive months, and during this time period worked at least 1,250 hours within the twelve (12) month period immediately preceding Plaintiff's need for leave.

27. 29 U.S.C. § 2615(a)(1) of the FMLA provides that "[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided by this subchapter."

28. The Defendant interfered with the Plaintiff's rights under the FMLA by not "accepting" the application for FMLA leave that Ms. Purvey submitted on or about March 9, 2020.

29. The Defendant also interfered with the Plaintiff's rights under the FMLA by terminating Ms. Purvey's employment.

30. Any explanation by the Defendant for these actions is a pretext.

31. As a direct and proximate cause of Defendant's unlawful actions, the Plaintiff was prejudiced, and has suffered substantial pecuniary losses.

## COUNT II
## FMLA Retaliation -- 29 U.S.C. § 2615(A)(2)

32. The Plaintiff incorporates the preceding paragraphs as if set fully herein.

33. The Defendant is an "employer" covered by the FMLA, as it employs fifty (50) or more employees for each work day during each of twenty (20) or more calendar workweeks. *See* 29 U.S.C. § 2611(4)(A)(i).

34. Plaintiff is an eligible "employee" under the FMLA as she had been employed by Defendant, and had been working under the supervision and control of Defendant for more than twelve (12) consecutive months, and during this time period worked at least 1,250 hours within the twelve (12) month period immediately preceding Plaintiff's need for leave.

35. 29 U.S.C. § 2615(a)(2) of the FMLA provides that "[i]t shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter."

36. The Plaintiff engaged in protected activity when she applied for FMLA leave on or about March 9, 2020.

37. As a direct and proximate cause of Plaintiff engaging in protected activity by taking FMLA leave, Defendant intentionally retaliated against the Plaintiff by terminating the Plaintiff's employment.  Any explanation by the Defendant for these actions is a pretext.

38. As a direct and proximate cause of Defendant's wrongful actions, the Plaintiff was prejudiced, and has suffered substantial pecuniary losses.

## COUNT III
### FMLA Interference -- 29 U.S.C. § 2615(A)(2)

39. The Plaintiff incorporates the preceding paragraphs as if set fully herein.

40. The Defendant is an "employer" covered by the FMLA, as it employs fifty (50) or more employees for each work day during each of twenty (20) or more calendar workweeks. *See* 29 U.S.C. § 2611(4)(A)(i).

41. Plaintiff is an "eligible employee" under the FMLA as she had been employed by Defendant, and had been working under the supervision and control of Defendant for more than twelve (12) consecutive months, and during this time period worked at least 1,250 hours within the twelve (12) month period immediately preceding Plaintiff's need for leave.

42. 29 U.S.C. § 2615(a)(1) of the FMLA provides that "[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided by this subchapter."

43. The Defendant interfered with the Plaintiff's rights under the FMLA by not

7

allowing FMLA leave to the Plaintiff as result of the Plaintiff's March 19, 2020 flu-like symptoms, emergency room visit and possible COVID-19 exposure. The Defendant also failed to inform the Plaintiff of her rights under the FMLA due to this serious medical condition.

44. The Defendant also interfered with the Plaintiff's rights under the FMLA by terminating Ms. Purvey's employment.

45. Any explanation by the Defendant for these actions is a pretext.

46. As a direct and proximate cause of Defendant's unlawful actions, the Plaintiff was prejudiced, and has suffered substantial pecuniary losses.

## COUNT IV
## FMLA Retaliation -- 29 U.S.C. § 2615(A)(2)

47. The Plaintiff incorporates the preceding paragraphs as if set fully herein.

48. The Defendant is an "employer" covered by the FMLA, as it employs fifty (50) or more employees for each work day during each of twenty (20) or more calendar workweeks. *See* 29 U.S.C. § 2611(4)(A)(i).

49. Plaintiff is an eligible "employee" under the FMLA as she had been employed by Defendant, and had been working under the supervision and control of Defendant for more than twelve (12) consecutive months, and during this time period worked at least 1,250 hours within the twelve (12) month period immediately preceding Plaintiff's need for leave.

50. 29 U.S.C. § 2615(a)(2) of the FMLA provides that "[i]t shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter."

51. The Plaintiff engaged in protected activity when she took FMLA covered leave as result of the Plaintiff's March 19, 2020 flu-like symptoms, emergency room visit and possible

COVID-19 exposure.

52.     As a direct and proximate cause of Plaintiff engaging in protected activity by taking FMLA leave, Defendant intentionally retaliated against the Plaintiff by terminating the Plaintiff's employment.  Any explanation by the Defendant for these actions is a pretext.

53.     As a direct and proximate cause of Defendant's wrongful actions, the Plaintiff was prejudiced, and has suffered substantial pecuniary losses.

WHEREFORE, Plaintiff Edna Purvey respectfully prays that this Court grant the following relief:

a. An order permanently enjoining and restraining Defendant, its agents, officers, servants and employees from interfering and retaliating against other employees due to an employee use of FMLA;

b. Compensation for back pay, front pay, and compensation for other lost employment benefits, liquidated damages, compensatory damages, punitive damages, and costs and reasonable attorneys' fees against the Defendant in the amount in excess of Seventy-Five Thousand Dollars ($75,000.00);

c. Reinstatement; and

d. Any and all additional relief as the Court may deem just and proper.

Respectfully Submitted,

**RAY LEGAL GROUP, LLC**

By:   /s/ James M. Ray
     James M. Ray, II (#012773)
     jim.ray@raylegalgroup.com
     8720 Georgia Avenue, Suite 803
     Silver Spring, Maryland 20910
     Phone: (301) 755-5656
     Fax:    (301) 755-5627

*Attorneys for Plaintiff*

## PRAYER FOR JURY TRIAL

Plaintiff Edna Purvey demands a trial by jury as to all issues so triable.

       /s/ James M. Ray, II
      James M. Ray, II